IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2024

## REMMIA RADHAKRISHNAN SUKAPURATH v. SAJEESH KUMAR KAMALA RAGHAVAN

**Appeal from the Circuit Court for Shelby County**
**No. CT-4324-21      Carol J. Chumney, Judge**

_____

### No. W2024-01106-COA-T10B-CV
_____

This is an accelerated interlocutory appeal as of right. The petitioner seeks review of the trial court's denial of his motion for recusal. Discerning no error upon our review of the petition for recusal appeal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Sajeesh Kumar Kamala Raghavan, Cordova, Tennessee, pro se appellant.

Barbara McCullough, Collierville, Tennessee, for the appellee, Remmia Radhakrishnan Sukapurath.

## OPINION

### I.      BACKGROUND

Appellant Sajeesh Kumar Kamala Raghavan ("Father") and Appellee Remmia Radhakrishnan Sukapurath ("Mother") are in the midst of a highly contested divorce action in which custody of a minor child is at issue. The trial was scheduled for July 29, 2024.

On July 19, 2024, Father filed a motion to recuse the trial judge, The Honorable Carol Chumney. He asserted that the judge's "actions and decisions demonstrate a clear bias in favor of [Mother]." By order entered July 26, 2024, the trial court denied Father's motion to recuse. The court found that Father's motion was procedurally deficient in

certain respects, and that "many of the Court's rulings referenced in [Father's] motion occurred months ago and are not timely as required by the Rule." The trial court specified that many of the orders entered in the litigation so far resulted from Father's "continued failure to comply with the applicable laws, Tennessee Rules of Civil Procedure, and local rules." The trial court also referenced several rulings it made in Father's favor during the case.

On July 26, 2024, Father filed the instant interlocutory appeal as of right from the trial court's order denying recusal, pursuant to Tennessee Supreme Court Rule 10B. Father amended his petition for recusal appeal on August 12, 2024.

## II. DISCUSSION

We have reviewed Father's amended Rule 10B petition and its supporting documents filed August 12, 2024. Upon review, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Father does not demonstrate error by the trial judge as to the denial of Father's motion for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002), *abrogated on other grounds by State v. Miller*, 638 S.W.3d 136 (Tenn. 2021)); *see also* Tenn. Const. Art. VI, § 11. Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (Recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" (quoting *Bean*, 280 S.W.3d at 805)). "A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the

facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However, "[n]ot every bias, partiality, or prejudice merits recusal." *Id.* "Adverse rulings by a trial court are not usually sufficient grounds to establish bias." *Id.* In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* In other words, "if the bias is alleged to stem from events occurring in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014).

We review a trial court's ruling on a motion for recusal *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof." *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *McKenzie*, 2014 WL 575908, at *6 n.3.

First, Father assigns as error Judge Chumney's denial of his motion for recusal without holding a hearing. "Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion." Tenn. Sup. Ct. R. 10B, § 1.03. Judge Chumney followed the specific procedure set forth in the Rule. Father's argument on this issue is without merit. Next, in his brief supporting the petition for recusal appeal, Father "contests" previous orders of the trial court, including a "January 9, 2024 order that enjoined him from filing further petitions for orders of protection related to previously addressed matters" and "the March 8, 2024, Consent Order, where he pled guilty to criminal contempt." We will not consider Father's attempt to relitigate various orders and rulings in this case. The only order this Court may review as to its correctness or merits in a Rule 10B recusal appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings . . . .").

Turning now to the order appealed from, Judge Chumney denied Father's motion for recusal for failure to comply with Rule 10B section 1.01 which specifies the manner by

which a motion for recusal is to be presented to the trial court. As stated in Rule 10B, a recusal motion "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn. Sup. Ct. R. 10B, § 1.01. "When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, at *3 (Tenn. Ct. App. July 28, 2020) (citing cases). The recusal motion must also "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. Sup. Ct. R. 10B, § 1.01. Failure to include this affirmative statement can also lead to waiver of a recusal request on appeal. *Hastings v. Hastings*, No. W2020-00989-COA-T10B-CV, 2020 WL 4556831, at *2 (Tenn. Ct. App. Aug. 6, 2020); *see, e.g.*, *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *3 (Tenn. Ct. App. Apr. 14, 2022) ("Petitioner's first motion failed to comply with Rule 10B because it was not supported by an affidavit or a declaration under penalty of perjury and because it failed to affirmatively state that it was not being presented for any improper purpose. As such, Petitioner's claim for recusal contained in the first motion has been waived."). Here, Father's motion did not include the mandatory affidavit or declaration. Tenn. Sup. Ct. R. 10B, § 1.01. Nor did it contain an affirmative statement that the motion was not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Id*. Accordingly, Judge Chumney did not err by denying Father's motion for recusal for failure to comply with Rule 10B section 1.01.

Finally, Father speculates that Judge Chumney's "prejudice" against him "is evident in the unfavorable rulings and the overall conduct of the proceedings." Again, the mere fact that a judge has ruled adversely to a party is not grounds for recusal. *Alley*, 882 S.W.2d at 821; *see also Cullum v. Baptist Hosp. Sys., Inc.*, No. M2014-01905-COA-T10B-CV, 2014 WL 5511472, at *3 (Tenn. Ct. App. Oct. 31, 2014). Upon review of the amended petition for recusal appeal and all supporting exhibits, we find no basis upon which to conclude that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to her, would find a reasonable basis for questioning the trial judge's impartiality. *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A). With the foregoing considerations in mind, we affirm the trial court's July 26, 2024 order denying Father's motion for recusal.

## III. CONCLUSION

We affirm the trial court's July 26, 2024 order. The case is remanded for further proceedings. Costs of the appeal are taxed to the appellant, Sajeesh Kumar Kamala Raghavan, for which execution may issue.

_____

JOHN W. McCLARTY, JUDGE